PITTS et al. v. SCRIBNER.

(Supreme Court, General Term, Fifth Department. June, 1892.)

VACATING ATTACHMENT—APPLICATION OF SUBSEQUENT LIENOR—SHOWING OF INTEREST.
  On motion to dismiss an attachment by one claiming to be a subsequent attaching creditor, a prima facie showing of interest is made out where a copy of the warrant of the subsequent attachment is annexed to the moving affidavit, though the complaint, affidavits, and undertaking on which the attachment is alleged to have issued are not presented, it being presumed that the attachment issued out of the supreme court was issued on adequate papers.

Appeal from special term, Erie county.

Action by Thomas Pitts and others against Philip W. Scribner. From an order setting aside an attachment therein, on motion of the Detroit Lumber Company, a subsequent lienor under an attachment issued in an action by the lumber company against defendant, Scribner, plaintiffs appeal. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

Spencer Clinton, for appellants. Payne & Dunkleberger, for Detroit Lumber Co.

LEWIS, J. The order appealed from was granted upon the application of a junior attaching creditor. The papers upon which the vacated attachment was issued were concededly insufficient to justify the granting of the attachment. The appellant contends that the Detroit Lumber Company was not in a position to attack the prior attachment for the reason that its papers read upon the motion failed to show that it was a subsequent lienor. The moving papers consisted of the affidavit of the attorney of the Detroit Lumber Company setting out the facts of the prior attachment and the levy thereunder; that, subsequent to said levy, in an action pending against the defendant, Scribner, in which the Detroit Lumber Company was the plaintiff, a warrant of attach-

ment, a copy of which was annexed to the affidavit, duly signed and granted by Hon. Henry A. Childs, a justice of the supreme court of the state of New York, was duly issued to the sheriff of Erie county; that the sheriff, by virtue thereof, duly levied upon the same lumber as was levied upon by him under said first attachment; that the copy, attachment, summons, and complaint, affidavits, and undertaking upon which the attachment was issued, were duly served upon the defendant; then follows an allegation that said complaint and affidavits were duly verified and the undertaking duly executed, acknowledged, and approved; that the sheriff still had possession of the lumber; and that it has not been applied to payment of any judgment recovered in either of said actions. There was also the affidavit of a deputy sheriff, showing the service of the first attachment and the quantity and value of the lumber attached under the first attachment, the service and levy of the second attachment by virtue of the attachment issued as aforesaid by Justice Childs. The attachment is in the ordinary form, containing recitals that it appears, by a sworn complaint in the action of the Detroit Lumber Company against Scribner, presented, that a cause of action for the recovery of money exists against the defendant in favor of said plaintiff for the sum of $16,280.75. Then follow allegations justifying the granting of the attachment. The complaint, affidavits, and undertaking referred to were not presented in court upon the motion. These papers made a *prima facie* case, establishing that the Detroit Lumber Company had acquired a lien upon or interest in the lumber attached by the appellant. The process had issued out of a court of general jurisdiction, and must be presumed to have been issued upon adequate papers, and put upon the appellants the burden of showing that the papers were in fact insufficient. The order appealed from should be affirmed, with $10 costs and disbursements of the appeal. All concur.